UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZANE WISEMAN,

    Plaintiff,

v.                        Case No.: 8:21-cv-02743-TPB-AAS

PROGRESSIVE PALOVERDE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

## ORDER

Non-Parties, Andre Sesler, Esq. and Stacy Yates, Esq., move to quash or modify Plaintiff Zane Wiseman's subpoenas for depositions *duces tecum*. (Doc. 34). Defendants Progressive Paloverde Insurance Company (Progressive) and Mr. Wiseman (collectively, the parties) oppose this motion. (Doc. 35).

### I.  BACKGROUND

This bad-faith insurance action arises from a June 19, 2017 automobile accident involving Progressive's insured, Kimani Rush, and Mr. Wiseman. (Doc. 1). Mr. Wiseman alleges Progressive failed to settle his claim against Mr. Rush in good faith. (*Id.*). Attorney Sesler and Attorney Yates represented Mr. Rush in connection with the underlying automobile liability and damages action (the underlying action).

1

In the instant action, Mr. Wiseman served subpoenas scheduling Attorney Sesler and Attorney Yates for deposition. Attorney Sesler's subpoena also requests production of these documents:

> 1. A color screenshot or any and all text messages between Andre D. Sesler, Esq. and Kimani Rush regarding the June 19, 2017 motor vehicle collision. This production should include, but not be limited to, the following text messages discussed in Mr. Sealer's July 11, 2019 correspondence to Mr. Rush [. . . ]:
>    a. June 30, 2017;
>    b. July 2, 2017;
>    c. July 19, 2017;
>    d. July 21, 2017; and
>    e. November 13, 2018.

(Doc. 34, p. 2).

Attorney Sesler and Attorney Yates now request that the court quash or modify the subpoenas because they argue the requested information contains attorney-client privileged communications not subject to disclosure absent a waiver of that privilege by Mr. Rush. (Doc. 34). The parties oppose Attorney Sesler's and Attorney Yates's motion and argue the information requested is subject to discovery in a bad-faith action despite claims of privilege.[1] (Doc. 35).

---

[1] To avoid delay, non-party counsel and Mr. Wiseman's counsel conferred and agreed the depositions would proceed and without the receipt of a waiver of the privilege from Mr. Rush. (*See* Doc. 34, p. 4). However, the deponents would not produce the text messages and would assert the attorney-client privilege. (*Id.*). Counsel agreed this would avoid delay and provide the parties the opportunity to obtain a ruling on attorney-client privilege issues after the depositions were concluded. (*Id.*).

## II. ANALYSIS

Because this is a diversity action, resolution of this claim of the attorney-client privilege requires application of Florida law. *GAB Bus. Serv., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) ("state law determines privilege when state law supplies rule of decision"). Florida courts have consistently held that the plaintiff in a third-party bad-faith action against an insurance company for failure to settle for policy limits is entitled to the entire litigation file of the insured's counsel from the inception of the lawsuit until the date the judgment was entered in the underlying action. *See Cont'l Cas. Co. v. Aqua Jet Filter Sys., Inc.*, 620 So. 2d 1141 (Fla. 3d DCA 1993); *Stone v. Travelers Ins. Co.*, 326 So. 2d 241 (Fla. 3d DCA 1976); *Boston Old Colony Ins. Co. v. Gutierrez*, 325 So. 2d 416 (Fla. 3d DCA), *cert. denied*, 336 So.2d 599 (Fla. 1976). The courts reasoned that the plaintiff stands in the same posture as the insured and is, therefore, entitled to full discovery. *See Cont'l Cas. Co., 620 So. 2d at 1142*. Therefore, attorney-client privilege does not preclude the requested communications.

## III. CONCLUSION

Non-party Attorney Sesler's and Attorney Yates's motion to quash or modify subpoenas for deposition *duces tecum* (Doc. 34) is **DENIED**.

**ORDERED** in Tampa, Florida on February 22, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge